United States District Court
Southern District of Texas
**ENTERED**
September 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATTIAN JAMES MOUTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-2260 |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

At all times relevant to this case, Lattian James Mouton was an inmate in the Harris County Jail. He filed suit under 42 U.S.C. § 1983 alleging that Harris County has violated his constitutional rights by denying him bail, and by exposing him to Covid-19 in the county jail. Defendant Ed Gonzalez, the Harris County Sheriff, moved for summary judgment. Mouton did not respond to the motion. Based on the pleadings, the motion, the record, and the applicable law, Gonzalez's motion is granted.

### I.  Background

At the time he filed his complaint, Mouton was in the Harris County Jail awaiting trial on a felony charge. His complaint alleges that Harris County's bail practices for individuals charged with felonies are unconstitutional, and that the Harris County Jail has failed to take adequate safety measures to protect inmates from Covid-19. The complaint seeks Mouton's release on a personal recognizance bond. Mouton was released from the Harris County Jail shortly after filing his complaint. Motion for Summary Judgment (Doc. # 8), Exh. 4.

### II.  Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

### III. Analysis

"Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "Mootness has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496(1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered

moot. With the designation of mootness comes the concomitant designation of non-justiciability." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988)(citations omitted). Because Mouton is no longer incarcerated in the Harris County Jail, his prayer for a personal recognizance bond to bring about his release from the jail is moot.

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (Doc. # 8) is GRANTED and this case is dismissed as moot.

It is so ORDERED.

SIGNED on this 16th day of September, 2021.

_____
Kenneth M. Hoyt
United States District Judge